The Judges pronounced their opinions.
JUDGE TUCKER,
after stating the case, proceeded as follows:
In the case of White, Whittle & Co. v. Bannister’s Ex’rs, (b) this Court appears to me to have laid down the same doctrine with that expressed in Alexander v. Morris, and to have gone the full length of the Chancellor’s reasons for the dissolution of *210 this injunction. The case of Brown’s Adm’x v. Garland, (a) (though an action at law), contains, I apprehend, a direct application of the same principles. These authorities, I conceive, fully support the opinion of the Chancellor; and I will add the strong and pertinent observation of Mr. Wickham in his argument, that if set-offs of this kind were encouraged by the countenance and sanction of this Court, a debtor by bond, or other liquidated demand, who was unable or unwilling to pay his debt, when judgment was recovered against him, would be sure to look out for the most complicated and perplexed claim that he could hear of against his creditor, as that would ensure him a respite of ten or twenty years before the claim could be properly liquidated. The only question before the Court being upon the propriety of dissolving the injunction, I am of opinion the Chancellor’s decree ought to be affirmed.
I desire to be understood as giving no opinion whatever upon any other point in the cause.
JUDGE ROANE concurred in dissolving the injunction.
* JUDGE EEEMING.
This case seems to rest upon the single point, whether the appellant has a right to produce the unestablished claim (however just) of Nicholson, purchased up, for what consideration does not appear, as a set-off against his own bond, long after a suit had been instituted on it?
There are several decisions of this Court which seem expressly against the principle. As White, Whittle & Co. v. Bannister’s Ex’rs and others. In that case the Court . would not allow a judgment against the executors, assigned to the appellants as a set-off against rent due to the estate of their testator; because, said the Court, “if creditors, purchasing from the executors, or as in that case, renting an estate from them, should be permitted to bring forth their claims against the testator, in discount, they might thereby not only gain an advantage over other creditors, but the executors might be involved in the trouble of accounting for the assets on every purchase; and in case of mistakes, might subject themselves to a devastavit. The objection has additional weight where J;he plaintiffs purchased up the debt for the purpose of a discount.” If, in that case, then, a judgment against the executors was not admitted as a set-off, a fortiori, shall an unestablished claim (however just it may ultimately prove to be) be disallowed. The cases of Brown’s Adm’x v. Garland and others, (1 Wash. 221,) and Alexander v. Morris, (3 Call, 105,) go to establish the same principle.
The only case I have been able to find which seems to have a contrary tendency, is that of Hudson v. Johnson; (1 Wash. 10,) but, when examined, it appears very different from the case before us. There the defendant, on the trial of the issue of payment, produced a receipt from the attorney who prosecuted the suit, dated after its commencement, which receipt was allowed as a discount; the defendant having proved, that on application to the plaintiff to know where his bond was, he replied that it was in possession of Lewis, his attorney: but the receipt having been given subsequent to the suit, the Court adjudged to the plaintiff his costs.
I am of opinion that there is no error in the decree before us, dissolving the injunction.
Decree unanimously affirmed.

 1 Wash. 166.

 1 Wash. 221.